IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX J. MONETTE,                                  Case No. 1:09-cv-00933 JLT (PC)

       Plaintiff,                             ORDER  DISMISSING  THE  COMPLAINT
                                                  WITH LEAVE TO AMEND
  vs.

JAMES D. HARTLEY, et al.,

       Defendants.

_____/

     Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 302.  Pending before the court is Plaintiff's complaint filed May 28, 2009.

I.     **SCREENING**

    A.    **Screening Requirement**

     The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. § 1915(A)(a).  The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2).  If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

1

1

2

**B.** **Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

3

4

5

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

6

42 U.S.C. § 1983.

7

8

9

10

11

12

13

14

15

16

17

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

18

**C.** **Rule 8(a)**

19

20

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

21

A pleading that states a claim for relief must contain:

22

23

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

24

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

25

26

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

27

28

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

2

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570).  Vague and conclusory allegations are insufficient to state a claim under § 1983.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   THE COMPLAINT

In his complaint, Plaintiff identifies Warden Hartley, Lieutenant Crews, Captain Gonzales, and Lieutenant Reifschneider as the defendants to this action.  Plaintiff alleges that on October 24, 2008, Defendant Crews placed him in administrative segregation, pending an investigation into whether Plaintiff was "overfamiliar" with a staff member.  Upon request from Defendant Reifschneider, an Institutional Classification Committee ("ICC") decided to retain Plaintiff in administrative segregation until the completion of the investigation.  Defendant Gonzales concurred with ICC's decision.  As of the date of the complaint, May 24, 2009, Plaintiff remains confined in administrative segregation. Plaintiff's family members have lodged complaints with Defendant Hartley seeking Plaintiff's immediate release without success.  Accordingly, Plaintiff now seeks injunctive relief and monetary damages from Defendants.  (Compl. at 3.)

## III.   DISCUSSION

In essence, Plaintiff alleges that his continuous confinement in administrative segregation violates his rights under the Due Process Clause of the Fourteenth Amendment.  The Due Process Clause prohibits state action that deprives a person of life, liberty, or property without due process of law.  U.S. Const. amend. XIV.  A plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002); Brewster v. Bd. of Educ., 149 F.3d 971, 982 (9th Cir. 1998).

1    A protected liberty interest may arise under the Due Process Clause itself or under a state statute

2    or regulation.  Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005).  The Due Process Clause in of itself

3    protects only those interests that are implicit in the word "liberty."  See, e.g., Vitek v. Jones, 445 U.S.

4    480, 493 (1980) (liberty interest in avoiding involuntary psychiatric treatment and transfer to a mental

5    institution).  A state statute or regulation, however, gives rise to a protected liberty interest if it imposes

6    conditions of confinement that constitute an "atypical and significant hardship [on the prisoner] in

7    relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  This

8    requires a factual comparison between the conditions of confinement caused by the challenged action

9    and the basic conditions of prison life.  See Wilkinson, 545 U.S. at 223-24 (finding that the placement

10   of prisoners in a highly restrictive "supermax" prison implicated a protected liberty interest).

11   Here, Plaintiff fails to allege a deprivation of a protected liberty interest.  Plaintiff merely alleges

12   that he has been confined in administrative segregation for approximately seven months.  However, the

13   Ninth Circuit has explicitly found that in general, placement in administrative segregation falls within

14   the terms of confinement ordinary contemplated by a sentence, see Toussaint v. McCarthy, 801 F.2d

15   1080, 1091-92 (9th Cir. 1986), and "[t]ypically, administrative segregation in and of itself does not

16   implicate a protected liberty interest."  Serrano v. Francis, 343 F.3d 1071, 1078 (9th Cir. 2003) (citing

17   Sandin, 515 U.S. at 486); see May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  Accordingly, Plaintiff

18   must allege additional facts demonstrating how the conditions of confinement in administrative

19   segregation constitute an "atypical and significant hardship [on him] in relation to the ordinary incidents

20   of prison life."  Sandin, 515 U.S. at 486.  Unless Plaintiff is able to do so, his allegations fall short of

21   stating a cognizable procedural due process claim.

22   The Court will provide Plaintiff with the opportunity to file an amended complaint curing the

23   deficiencies identified by the Court in this order.  See Noll, 809 F.2d at 1448-49 ("A pro se litigant must

24   be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the

25   complaint could not be cured by amendment.") (internal quotations omitted).  However, if Plaintiff elects

26   to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding

27   new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir.

28   2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files an amended complaint,

his original pleadings are superceded and no longer serve any function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.

## IV.    CONCLUSION

Accordingly, for the reasons set forth above, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed;

2.    Plaintiff is granted thirty (30) days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint";

3.    The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4.    Plaintiff is cautioned that failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   **October 26, 2010**                                        **/s/ Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE

5