IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX J. MONETTE, | Case No. 1:09-cv-00933 JLT (PC) |
| Plaintiff, | ORDER DISMISSING THIS ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE |
| vs. | |
| JAMES D. HARTLEY, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed October 27, 2010, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). (Doc. 9.) The Court found that the complaint failed to state a cognizable due process claim under the Fourteenth Amendment because Plaintiff's confinement in administrative segregation did not, in of itself, implicate a protected liberty interest. (Id. at 4.) Plaintiff was therefore granted thirty days leave to file an amended complaint to cure the deficiencies identified by the Court in its screening order. (Id.) The thirty-day period expired, however, and Plaintiff failed to file an amend complaint or otherwise respond to the Court's order.

On December 14, 2010, the Court issued an order directing Plaintiff to, within twenty-one days, file an amended complaint and show cause why this action should not be dismissed for his failure to prosecute. (Doc. 10.) In the alternative, Plaintiff was directed to notify the Court in writing that he no longer wishes to proceed in this action. (Id.) Finally, Plaintiff was sternly

cautioned that his failure to comply with the Court's order would result in the dismissal of this action. (Id.) Nevertheless, the twenty-one day period has now expired, and Plaintiff has once again failed to respond to the Court's orders.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions, including where appropriate . . . dismissal of the case." Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986). See also Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130.

With respect to the first two factors – the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket – the Court finds these factors indicate that dismissal is appropriate and warranted. The case has been pending for almost two years. Now, when it is ready to proceed, Plaintiff has absented himself from the process and refuses to take the necessary steps to prosecute his claims.

The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

1  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). In part due to the Court's crushing case
2  load, this matter has been pending since 2009. However, this Court has turned its attention to
3  Plaintiff's case and, by all accounts, Plaintiff has abandoned his responsibility to this matter. The
4  Court has attempted to prompt Plaintiff into action with its orders, most notably its Order to Show
5  Cause. (Doc. 10) However, Plaintiff has failed to respond to those orders in any fashion. Under
6  these facts, the Court finds Plaintiff's delay in prosecution of this action to be unreasonable.

7        Alternatives, less drastic than dismissal, do not appear to be realistic. Because Plaintiff is
8  proceeding *in forma pauperis*, monetary sanctions are not a viable option. Likewise, given the
9  history of this case, the Court has little confidence that another warning or further admonitions would
10 result in Plaintiff taking action. The Court has already warned Plaintiff that his failure to respond
11 would result in the dismissal of this action but those orders have not spurred Plaintiff into action.[1]
12 (Docs. 9 & 10). In fact, Plaintiff has failed to have any contact with the Court whatsoever since
13 filing this case. Thus, the Court finds that there is no reasonable alternative to dismissal.

14       The Court recognizes that public policy favors disposition of cases on the merits and has
15 factored this consideration into its decision. However, securing a disposition on the merits in this
16 case will likely come only at a price that substantially compromises the public's interest in
17 expeditious resolution of this litigation, the Court's interest in managing its docket, and Defendant's
18 interest in a legal process free from unreasonable delay. Consequently, the Court finds that this
19 factor – public policy favoring disposition on the merits – is greatly outweighed by the other factors
20 favoring dismissal of this action.

21       Accordingly, it is HEREBY ORDERED that this action is dismissed without prejudice for
22 Plaintiff's failure to prosecute.
23 IT IS SO ORDERED.
24 Dated:  **January 14, 2011**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's warning to a party that his failure to obey the Court's order is sufficient to satisfy the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.